IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs().                            No. 02-20386-B

ERIC MORRIS,

    Defendant.

---

ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT

---

On December 8, 2006, Defendant Eric Morris, Bureau of Prisons inmate registration number 54500-019, an inmate at the United States Penitentiary in Lompoc, California, submitted a <u>pro se</u> motion in his closed criminal case seeking a reduction in his sentence. (Docket Entry 59.)

On October 9, 2002, a federal grand jury returned a two-count indictment charging Morris with violating 18 U.S.C. § 922(g). The case went to trial on June 9, 2003 and, on June 11, 2003, the jury convicted Morris on both counts of the indictment. The Court conducted a sentencing hearing on September 8, 2003, at which time Morris was sentenced to one hundred twenty (120) months imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on September 15, 2003. In an unpublished order, the United States Court of Appeals for the Sixth Circuit affirmed Morris's conviction but vacated his sentence in

light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). The case was remanded for a new sentencing hearing. <u>United States v. Morris</u>, No. 03-6420 (6th Cir. Oct. 4, 2005).

On December 8, 2006, Morris filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). In support of his motion, Morris cites his postconviction rehabilitation and his family responsibilities. Much of this information was before the Court at the resentencing hearing on January 26, 2006.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i)  extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

      and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

      (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of Defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Morris's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o) so as to bring this case within § 3582(c)(2). Nothing in 18 U.S.C. § 3582(c) authorizes a defendant to move the sentencing court for a modification of his sentence based on his postconviction rehabilitation or family responsibilities.

Therefore, the Court DENIES Defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).

Because no reasonable jurist could disagree that this Court is without jurisdiction to grant the relief sought by Defendant, it is CERTIFIED, pursuant to Fed. R. App. 24(a), that any appeal in this matter by Defendant, proceeding <u>in forma pauperis</u>, is not taken in good faith.

IT IS SO ORDERED this 19th day of December, 2006.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE